

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00259-CR

**JAVANTE OWEN PEMBERTON, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 31144B, Honorable Titiana Frausto, Presiding

February 6, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California.*[1] In August 2021, pursuant to a plea bargain, Appellant, Javante Owen Pemberton, was placed on deferred adjudication community supervision for six years for aggravated robbery with a finding on use of a deadly weapon (Count I) and for burglary of a habitation (Count II).[2] In 2022, the State moved to proceed to

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] TEX. PENAL CODE ANN. §§ 29.03(a)(2), 30.02(a).

adjudication alleging Appellant committed the new offense of criminal trespass and failed to report in March 2022.[3]  At the hearing on the State's motion, the trial court entered pleas of not true to the allegations on behalf of Appellant when he failed to respond.  After presentation of the evidence, the trial court found the allegations to be true, adjudicated Appellant guilty of both offenses, and sentenced him to seventy-five years for aggravated robbery, with a finding of true on use of a deadly weapon, and twenty years for burglary of a habitation.  The sentences were ordered to be served concurrently.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's convictions.  *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).[4]  By letter, this Court granted

---

[3] One month later, Appellant was placed on deferred adjudication community supervision for evading arrest and aggravated robbery committed in Potter County, Texas.  The judgments adjudicating guilt in those offenses are the subject of appeals in cause numbers 07-23-00264-CR and 07-23-00265-CR, disposed of this same day.  The two allegations brought by the State in its motions to proceed in all three cases were the same.

[4] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *Id.* at 408 n.22, 411.  The duty to

2

Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. The State notified this Court it would not file a response unless Appellant presented any meritorious issues.

## BACKGROUND

In August 2019, several perpetrators committed a home invasion with AK-47 assault weapons. The homeowner returned fire and the perpetrators dropped their weapons and fled. One of the responding officers observed blood droplets and later learned one of the perpetrators was Appellant, who had been shot by the homeowner. One of Appellant's cohorts dropped him off at an emergency room.

During the hearing on the State's motion to proceed, the evidence showed that while Appellant was on deferred adjudication community supervision for aggravated robbery and burglary of a habitation, he was arrested for criminal trespass after officers found him inside an abandoned rental property with a "no trespassing" sign posted. The property owner testified Appellant did not have permission to be in the house.

Appellant's community supervision officer testified Appellant was required to report twice per month because he is "high risk." He failed to report in March 2022. The officer contacted Appellant by phone and instructed him to report on March 31, but he failed to do so. She also testified Appellant had no mental health issues while she supervised him, and they communicated effectively.

---

send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

## ANALYSIS

By the *Anders* brief, counsel assesses the proceedings and testimony and concludes there is no error which would entitle Appellant to reversal of his convictions or any other relief. He also notes Appellant was previously found competent, although he refused to communicate or cooperate with trial counsel. We agree with counsel that the proceedings do not present any reversible error.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's convictions. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgments are affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.

4